## CITY OF MADILL v. BOARD OF COUNTY COM'RS OF MARSHALL COUNTY.

No. 24979. May 26, 1936.

Rehearing Denied July 1, 1936.

Don Welch, for plaintiff in error.

Sam Y. Colby, Co. Atty., for defendant in error.

RILEY, J. The city of Madill instituted this action to recover from Marshall county a balance of the proceeds arising from license fees paid on automobiles by owners residing within said city.

It is agreed that the county treasurer had paid to the city treasurer 15 per cent. of 60 per cent. of such fees received from the state, but the contention is made that the city was entitled to receive 15 per centum of the total fees collected upon motor vehicles registered from the city of Madill. The city concedes that its recovery is limited to $1,040.57, the accruals from such license fees paid within three years prior to commencement of this action. The trial court construed the applicable statute so as to entitle the city only to a 15 per centum of the 60 per centum of such fees received by the county. Judgment was for defendant, and the plaintiff city appeals.

The decisive issue is the meaning of the statute governing. It is section 10288, O. S. 1931 (section 2, ch. 167, S. L. 1925, amendatory of section 10139, C. O. S. 1921). See, also, section 11, art. 4, ch. 173, S. L. 1915, superseded by the subsequent enactments.

Section 10288, supra:

"Forty per cent. (40%) of all moneys received from automobiles, motorcycles or truck licenses shall be placed in the state depository and credited to the State Highway Construction and Maintenance Fund to be expended by the State Highway Commission upon the state road system, the remaining sixty per cent. (60%) to be sent to the county treasurer; and provided further that fifteen per cent. (15%) of all moneys received from cars either in incorporated towns or cities shall be by the county treasurer paid over to the city treasurer to be credited to the street and alley fund. The remainder to be credited to the county highway construction and maintenance fund."

The statute is ambiguous, and difficulty arises in the proper construction of the phrase

"all money received," as used after the proviso. The question is whether this phrase refers to the total fees collected or to the 60 per centum thereof sent to the county treasurer.

In order to solve the question, we properly consider the history of the legislative act. We find in the text of the act, as it existed prior to the amendments (section 10139, C. O. S. 1921), that the obligation and duty was imposed upon the county treasurer to pay into the treasury of incorporated towns and cities 25 per centum "of all money so received by him from cars and vehicles in such city."

Some significance must be attributed to the act of the Legislature whereby the words "by him" were omitted from the statute.

It is noted also that by the amendment the percentage of license fees collected and going to the cities, in figures, is reduced, but the Legislature may have had in mind the fact that the reduced percentage in figures was to be laid upon all such license fees collected rather than upon the lessor amount thereof which, under the law, was sent to the county treasurers.

It is evident from previous enactments upon the same subject that the moneys collected from license fees stands in lieu of an ad valorem tax upon motor vehicles. Possibly the Legislature considered this equitable distribution in the enactment of section 10288, supra, and thus sought to maintain the actual amount to be received by the cities from this source in lieu of the loss to the cities of the ad valorem tax.

The Attorney General, by opinion dated May 28, 1925, advised that section 2, ch. 167, S. L. 1925, required the county treasurer to pay the city treasurer 15 per centum of all moneys received from license fees from cars whose owners reside within incorporated towns or cities, and it is our view that the construction placed upon acts by officers charged with enforcement is to be considered in determining the proper meaning of ambiguous legislation.

It is our conclusion that the judgment rendered below is in error; that the plaintiff city was entitled to receive and recover, and it is the duty of the county treasurer to pay the said city, 15 per centum of the total license fees paid "from cars either in incorporated towns or cities," and that this percentage is of the total amount of such license fees paid, and not limited by the percentage sent to the county treasurers, subject, however, to the statute of limitations. This conclusion is subject to the reduction of five per centum placed to the credit of the "Highway Collection Fund" by chapter 66, art. 2, section 2, S. L. 1931.

Judgment reversed and cause remanded, with direction to enter judgment accordingly.

OSBORN, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., absent.